UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| C. THERESA MARTIN, | ) | 3:13-cv-00047-RCJ-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **re: Docs. # 42, #43** |
| STATE OF NEVADA, DIVISION OF INSURANCE, | ) | |
| Defendant. | ) | |

Before the court is Plaintiff's motion to compel Defendant State of Nevada, Division of Insurance, to respond to Discovery (Doc. # 42)[1] and for an extension of Plaintiff's discovery deadline (Doc. # 43).[2] The Defendant (State of Nevada, Division of Insurance) submitted its opposition to Plaintiff's motion. (Doc. # 46.) Plaintiff replied in Doc. # 47.

**I. BACKGROUND**

Plaintiff commenced an age and gender discrimination action on January 30, 2013. (Doc. # 1.) On April 26, 2013, District Judge Robert C. Jones dismissed Plaintiff's action on the basis of Eleventh Amendment immunity the State of Nevada enjoys. (Doc. #19.) Without leave of court, Plaintiff filed an amended complaint. (Doc. # 22.) Plaintiff was allowed, however, to request leave to file an amended complaint if she complied with Fed. R Civ. P. 15(a)(2) and Local Rule 15-1(a). (Doc. # 25.) Plaintiff thereafter filed a motion for leave to file an amended complaint (Doc. # 30), which motion the court

---

[1] Refers to court's docket number.

[2] Plaintiff filed both motions as one document. The Clerk's Office logged in the two motions as separate filings, Doc. # 42, Motion to Compel, and Doc. # 43, Motion to Extend Discovery.

granted on September 19, 2013. (Doc, # 36.) A second amended complaint was filed on that date. (Doc. # 37.) Defendant answered the second amended complaint on October 4, 2013. (Doc. # 38.)

The gravamen of the second amended complaint is gender discrimination (Doc. #37), as the age discrimination claim was previously extinguished by the court in its order. (Doc. # 19.) The second amended complaint also includes allegations of breach of contract.

## II.  MOTION TO COMPEL (Doc. # 42)

Plaintiff's motion identifies five requests for production to which Defendant has objected, i.e., Request Nos. 1, 2, 3, 4 and 7. (Doc. # 42.) The full text of Plaintiff's discovery and Defendant's responses/objections is set forth in Exhibit 2 to Plaintiff's motion. (Doc. # 42 at 15-19.)

**A.  The "Meet and Confer" Requirements of Local Rule 26-7**

Prior to addressing the requested discovery and Defendant's responses, the court will discuss Plaintiff's statement she satisfied the "meet and confer" obligations of Fed. R. Civ. P. 37(a)(1) and Local Rule 26-7. Plaintiff states her letter to Defendant's counsel was "Plaintiff's attempt to resolve the discovery matter without court action" and satisfied the obligation of a party to attempt to resolve a discovery dispute without court intervention. (*Id,* at 20-22, 23-24.) The court disagrees.

Local Rule 26-7 states that no discovery motions will be considered unless the movant – "after <u>personal</u> consultation and sincere effort" was unsuccessful in resolving the discovery dispute (emphasis added). Writing a letter to opposing counsel with no attempt to meet personally (especially when both Plaintiff and Defendant's counsel are located in Reno) falls woefully short of the concept of "personal consultation."

This Rule tracks nearly verbatim former Local Rule 190–1(f)(2), which "prohibited the consideration of a motion to compel unless a statement was attached certifying that 'after personal consultation and sincere effort to do so, counsel have been unable to satisfactorily resolve the matter.'" *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). *Shuffle Master* held the movant failed to satisfy the meet and confer requirements of former Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure, which required a party bringing a motion to compel discovery to "include with the motion a certification that the movant has in good faith conferred or attempted to

confer with the nonresponsive party."[3] *See Shuffle Master, Inc.*, 170 F.R.D. at 170. In interpreting the meet and confer requirements of former Federal Rule of Civil Procedure 37(a)(2)(B), the court noted the close similarities with former Local Rule 190–1(f)(2). The court found former Rule 37(a)(2)(B)'s express terms "encompass[ed] . . . [the District of Nevada's] successful certification requirements," due to the "successful experience of . . . [the District of Nevada] and other federal districts in resolving discovery disputes." *Id.* at 172. Because the court in *Shuffle Master, Inc.* essentially equated former Rule 37(a)(2)(B) with former Local Rule 190–1(f)(2), and because Local Rule 190–1(f)(2) contains the same language as current Rule 26-7(b), that court's analysis of former Rule 37(a)(2)(B) is directly applicable to the present case, which is governed by Local Rule 26-7(b) and now, of course, by Rule 37(a)(1). The court stated the Rule 37 certification requirement "should be interpreted from this historical perspective [concerning the District of Nevada's former Local Rule]." *Id*.

The movant's attempts in *Shuffle Master* to comply with Rule 37's meet and confer requirements involved transmission of demand letters by fax and one telephone call to inform the plaintiff that the plaintiff's discovery responses were incomplete. *Id.* The court concluded these efforts did <u>not</u> constitute compliance with Fed. R. Civ. P. 37. *Id.* The court explained "good faith cannot be shown merely through the perfunctory parroting of statutory language on the certificate to secure court intervention; rather it mandates a genuine attempt to resolve the discovery dispute through non-judicial means." *Id*. at 171. The court stated a satisfactory meet and confer must entail "a <u>personal or telephonic consultation</u> during which the parties engage in meaningful negotiations or otherwise provide legal support for their position." *Id.* at 172; emphasis added.

As noted above, Plaintiff simply wrote a letter to Defendant's counsel to which Defendant responded, also in writing. No follow-up attempt was undertaken to address any possible compromise in the parties' positions. Although characterized by Plaintiff as a "<u>personal</u> and sincere attempt to resolve" this discovery dispute (Doc. # 42 at 63; Exh. 6; emphasis added), there was no "personal" consultation or discussion with counsel other than writing a demand letter.

---

[3] The language from this Rule was moved to subdivision (a)(1) of Rule 37. *See* Fed. R. Civ. P. 37(a)(1) ("The motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.")

3

1    Consequently, the court finds Plaintiff has failed to confer or attempt to confer in good faith with
2    Plaintiff's counsel in an effort to resolve a discovery dispute. As the court stated in *Shuffle Master, Inc.*,
3    "[Defendant]'s lack of good faith [or sincerity] is evident, not in the unreasonableness of its position,
4    but rather by the inadequate means through which its counsel attempted to confer." *Id*. Accordingly,
5    the court concludes Plaintiff has failed to comply with Local Rule 26-7(b).

**B. Substantive Issues of the Parties' Discovery Dispute**

However, even if the Plaintiff's letter was deemed to satisfy Local Rule 26-7, the court finds the discovery Plaintiff seeks was either overbroad or Defendant's responses to Plaintiff's discovery were sufficient. The court will review the requested discovery.

Request No.1 asks for production of "documents or electronic media, including files, notebooks, ledgers, personal diary, emails, timeline or other documents that were assembled, archived or retained" from 5/1/10 through 7/20/14 by Defendant, including but not limited to "any employee in the State of Nevada system," but specifically nine individuals Plaintiff identifies regarding documents which may reference the Plaintiff by name or partial name or variations, her employee number, or Chief Insurance Assistant, CIA, Insurance Regulation Liaison, Budget # 3813 or Position Control # 0032.

Defendant objected to Plaintiff's request, asserting the State has already responded to this request in its response to the First Request for Production. Defendant referenced bates docs # DOI000001-DOI000928 and DOI002494-DOI002630. Defendant also stated the request is overly broad, ambiguous and unduly burdensome because it seeks documents, etc, from "<u>any</u> employee in the State of Nevada system." (Doc. # 46; emphasis added.)

Defendant notes that the State has provided over 1000 pages of documents that are responsive to Request #1. Further, Defendant stated this request is only different from Plaintiff's Request #1 in her First Request for Production in that it seeks documents from "<u>any</u> employee in the State of Nevada system, which is clearly overbroad as it seeks statewide documents not in the possession, custody or control of this one small division of the state." (*Id*. at 3.)

The demand letter Plaintiff wrote to Defendant's counsel purports to narrow the discovery request but really does not. (Doc. 42 at 20-22, Exh. 3.) Defendant's response to that letter notes Plaintiff still seeks extensive documents in possession of any aspect of Nevada State Government, not just the nine

4

individual employees. More importantly the State of Nevada's counsel has represented it "has provided what it has." (*Id.* at 23-24, Exh. 4.)

Plaintiff's reply memorandum stated she would be willing to reduce the scope of this request by eliminating the reference to "any employee." (Doc. # 47 at 3-4.) While this may have been a reasonable compromise, this proposal was something which should have been raised during a personal consultation with Defendant's counsel, had it occurred, not in a reply memorandum. Regardless, Defendant states all documents pertaining to Plaintiff's discovery have already been produced.

Request No. 1 is therefore denied because the request is indeed overbroad and also because Defendant states any documents which might be responsive to this request have already been produced.

Request No. 2 is similar to request #1 asking for the same "documents or electronic media," from the State of Nevada and the nine listed individuals from 5/1/10 through 7/20/14 which reference Plaintiff's "work performance...job assignments, or the request to, justification of, approval of, or decision to terminate the Plaintiff."

Defendant again objected, stating they already responded to this request in Plaintiff's First Request for Production, and reference Bates documents DOI000001-DOI001022 and DOI002494-DOI002630. Defendant also noted in its opposition that this request is similar to Request #1 that relate to Defendant's denials of Plaintiff's allegations as stated in Sections I-XXXVIII in Defendant's Answer to Plaintiff's Complaint." (*Id.*) Defense counsel's letter represents all documents which might be responsive to this request have already been produced. (Doc. # 42 at 23-24.)

Request No. 2 is denied for the same reasons as was Request No. 1.

Request No. 3 seeks a list of individuals who assumed the duties and responsibilities of the Chief Insurance Assistant position from 7/22/11 to 1/20/14, including their names, current job title, duties and responsibilities, and the names and titles of any individuals who reported to those parties and the applicable date ranges they assumed the Chief Insurance Assistance position. Defendant objected, stating this request is more of an interrogatory than a request for production. Defendant argued it cannot be required to create a document which is responsive to a request for production of documents.

Similarly, Request No 4 asks for a list of individuals who assumed the Insurance Regulation Liaison position from 7/22/11 through 1/20/14, including their names, current job title, duties and

1 responsibilities, and the names and titles of any individuals who reported to those parties and the applicable date ranges they held the position. Defendant also objected, stating it cannot be required to create a document which is responsive to a request for production of documents.

As to Requests 3 and 4, Defendant further asserts in its opposition that Fed. R. Civ.P. 34 "requires only that parties produce documents that 'are *already* in existence,'" citing *Ascom Hasler Mailing Systems, Inc. v. U.S. Postal Service*, 267 F.R.D. 1, 8 (D.D.C. 2010) (quoting *Alexander v. F.B.I.*, 194 F.R.D. 305, 310 (D.D.C. 2000) (emphasis in original). Defendant also argues that "[a] party...is not required to create a document where none exists," citing *American General Ins. Co. v. Vistana Condominium Owners Assn.*, 2014 WL 910350, at *2 (D.Nev 2014) quoting *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D.Cal. 2012) (citing *Goolsby v. Carrasco*, 2011 WL 2636099, at *7-8 (finding that a document request that would require the defendant to create a roster of all employees who supervised the prison cage yard is not a proper request under Federal Rule of Civil Procedure 34(a)). (Doc. #46 at 5.)

In reply, Plaintiff states she was unaware she could not ask for a list in a request for production (id at 6). She requests the court consider instructing the defendant to respond to Requests 3 and 4 as an interrogatory, (Doc. # 46 at 7.) Again, this might have been a reasonable compromise had Plaintiff raised it during any discussions Plaintiff might have undertaken with Defendant's counsel. At this stage of the case, however, it would be inappropriate for the court to convert a request for production into an interrogatory.

Requests No. 3 and 4 are denied**.**

Request No. 7 seeks "all documents related to the Division of Insurance or the Department of Business and Industry requested, required, proposed or actual budgetary reductions or funding reallocations related to jobs with the Division of Insurance or the Department of Business and Industry" for the period 7/1/10 to 6/30/12. Defendant objected, stating the request is "vague, overly broad, ambiguous, unduly burdensome, irrelevant and not likely to lead to the discovery of relevant or admissible evidence." Doc. # 42 at 18.)

In its opposition to Plaintiff's motion to compel, Defendant states Plaintiff's action is based upon claims of gender discrimination (since the age discrimination claim was dismissed by the court), and that

6

the other causes of action are based on contract claims. Defendant asserts that the requested documents in No. 7 are irrelevant to Plaintiff's gender discrimination and breach of contract claims. (Doc. # 46 at 6.)

Plaintiff's reply memorandum argued that she provided documents in her second amended complaint showing the full-time Chief Insurance Assistant position was scheduled for elimination in 2010-2011(the period when she was terminated). She states after her termination, that position was revised and renamed to the "Insurance Regulation Liaison" position. (Doc. # 47 at 7.) Plaintiff asserts the purpose of Request No. 7 is to obtain knowledge whether the elimination was indeed completed and if there were any budgetary impacts as a result. She also wants to know if any changes were made to those positions to achieve budget cost savings or whether it was a result of "redeploying other employees within the Department of Business and Industry, which would result in indirect cost savings." She states it is a valid request for information and directly relates to her complaint and therefore should be provided. (*Id*. at 7-8.) Plaintiff states in her motion she proposed restricting this request to budgetary documents which related "only to the Chief Insurance Assistant or the Insurance Regulation Liaison positions for the period of July 1, 2012 though June 30, 2012." (Doc. # 42 at 21, 22.)

Defendant asserted what might be characterized as a "boilerplate objection." (*Id.* at 24.) The court rejects an objection which claims the request is a "overly broad, burdensome, ambiguous [request] for irrelevant information" without elaboration as how or why the discovery is burdensome or ambiguous. While the request may not be relevant to a gender discrimination claim, it does appear to have some relevance to Plaintiff's breach of contract claims. Also, Local Rule 26-7 is a two way street: Defendant's counsel could just as easily arranged a conference, or even a conference call with Plaintiff to discuss the over-breadth or relevance of this request.

Nevertheless, even if the court were to grant this component of the motion, Defendant's counsel represents that all information responsive to this request has already been produced. *See,* Doc. # 42 at 24; Doc. # 46 at 1-5. The motion to compel relative to Request No. 7 is denied because of the representation all materials pertinent to this request have been produced.

Plaintiff motion to compel (Doc. # 42) is **DENIED**.

///

### III.  EXTENSION OF DISCOVERY DEADLINE (Doc. # 43)

This court has once extended the discovery deadline (March 14, 2014; Doc. # 36 at 2.) Local Rule 26-4 requires any requested extension of a discovery deadline to be filed no later than 21 days before the expiration of the discovery deadline, which would have been February 22, 2014. Defendant's response to Plaintiff's discovery was hand-delivered to Plaintiff on February 20, 2014. (Do. # 46-1 at 6.)

Plaintiff's motion to extend the discovery deadline is untimely. The court may only consider an untimely motion if Plaintiff demonstrates "excusable neglect." Plaintiff has not done so, although it is possible that Plaintiff's receipt of Defendant's discovery responses at or near the time of the motion deadline, and Plaintiff's incomplete attempt to resolve the discovery dispute (i.e., the letter to Defendant's counsel on March 2, 2014; Doc. # 42 at 20-22) might possibly explain the delay. However, Plaintiff's motion was not only filed after the deadline for extensions, it was filed some two weeks after the discovery deadline itself with no explanation for the basis of filing a tardy motion.[4]

The court also denies the motion to extend the discovery deadline on the grounds the additional discovery Plaintiff wanted to complete under the extension was that related to the subject matter of the motion to compel (Doc. # 42). Because Plaintiff's motion to compel is denied, the rational to extend discovery has evaporated.

Plaintiff's motion to extend the discovery deadline (Doc. # 43) is **DENIED**.

### IV.  CONCLUSION

For the reasons stated herein, Plaintiff's motion to compel (Doc. # 42) is **DENIED** and her motion to extend the discovery deadline (Doc. # 43) is **DENIED.**

IT IS SO ORDERED.

DATED: May 13, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff's motion also did not provide the information required by Local Rule 26-4, i.e., a statement of what discovery has been completed, what discovery remains, why this discovery was not completed in a timely fashion and a proposes schedule for completing remaining discovery (other than Plaintiff's suggestion of extending discovery 45 days).