1

2

3

4                        **UNITED STATES DISTRICT COURT**

5                               **DISTRICT OF NEVADA**

6

7   C. TERESA MARTIN,                              )
                                                   )
              Plaintiff,                           )
8                                                  )          3:13-cv-00047-RCJ-WGC
              vs.                                  )
9                                                  )
   STATE OF NEVADA, DIVISION OF                    )          **ORDER**
10  INSURANCE,                                     )
                                                   )
11            Defendant.                           )
                                                   )

12

13        This case arises out of alleged sex discrimination.  Pending before the Court is a Motion

14  for Summary Judgment (ECF No. 50).  For the reasons given herein, the Court grants the motion

15  and declines supplemental jurisdiction over the recently-added state law claims.

16  **I.        FACTS AND PROCEDURAL HISTORY**

17        Plaintiff C. Teresa martin was employed as Chief Insurance Assistant by Defendant State

18  of Nevada Division of Insurance from October 25, 2010 until her termination on July 22, 2011.

19  (*See* Am. Compl. ¶¶ 1, 8–9, 20, ECF No. 37).[1]  Plaintiff's employment was subject to a twelve-

20  month probationary period. (*See id.* ¶ 9).  Plaintiff was terminated during her probationary period

21  and alleges she never received counseling, guidance, or statutorily mandated job standards and

22  periodic evaluations. (*Id.* ¶¶ 11–12, 25–30).

23  _____

24        [1]Although titled as a second amendment, the AC is in fact the first properly amended
    version of the complaint, as the magistrate judge struck a previous amendment for having been
25  filed without leave.

1    The crux of Plaintiff's complaint is encapsulated in paragraph 24 of the Amended

2    Complaint ("AC"):

3            After Plaintiff's termination the job functions included in that position were
         given to a younger and much less qualified person(s).  As a result of pending budget
4        cuts in the Division and other agencies under the direction of the Department of
         Business and Industry, the Division gave Ms. Martin's job duties to a less qualified,
5        less experienced individual(s)who had been a State of Nevada employee(s) for a
         longer period of time in order to protect their jobs at Plaintiff's expense.  Her
6        termination as a probationary employee was also an expedient method to achieve
         Division and Department of Business and Industry cost reductions since probationary
7        employees may be dismissed at any time and have no appeal rights.  Both the
         Division Commissioner and Department of Business and Industry management
8        showed a lack of good faith to Plaintiff in their failure to provide her with timely,
         required work performance standards, conduct required performance appraisals, and
9        by using her as a pawn to protect other employee's jobs in a period of severe budget
         constraint.
10
     (*Id.* ¶ 24).  Several points are evident from these allegations.  Plaintiff does not allege to whom
11
     her position was given, except that she alleges it was given to one or more younger and less
12
     qualified persons who had been employed by Defendant for a long time, i.e., they were not
13
     probationary employees.  Also, Plaintiff appears to admit that she was an at-will employee and
14
     did not even have administrative appeal rights.  Finally, Plaintiff appears to allege that the
15
     purpose behind Defendant's actions were to save money by terminating a probationary employee
16
     and giving the duties of the position to existing employees.
17
             Plaintiff sued Defendant in this Court for age and sex discrimination.  The Court
18
     dismissed the age discrimination claim under the Eleventh Amendment.  The magistrate judge
19
     gave Plaintiff leave to amend, and Plaintiff filed the AC, listing claims for: (1) sex discrimination
20
     (Title VII); (2)–(5) breach of the implied covenant of good faith and fair dealing; (3)–(4) breach
21
     of contract; (6) "violation of public policy"; (7) fraudulent misrepresentation; (8) negligent
22
     misrepresentation; (9) "outrageous conduct"; and (10) "breach of implied covenant of
23
     employment security."  Defendant has moved for summary judgment.  Plaintiff has not timely
24
     responded.
25

1 **II.     LEGAL STANDARDS**

2         A court must grant summary judgment when "the movant shows that there is no genuine

3 dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

4 Civ. P. 56(a).  Material facts are those which may affect the outcome of the case. *See Anderson v.*

5 *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there

6 is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  A

7 principal purpose of summary judgment is "to isolate and dispose of factually unsupported

8 claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  In determining summary

9 judgment, a court uses a burden-shifting scheme:

10         When the party moving for summary judgment would bear the burden of proof at
        trial, it must come forward with evidence which would entitle it to a directed verdict
11         if the evidence went uncontroverted at trial.  In such a case, the moving party has the
        initial burden of establishing the absence of a genuine issue of fact on each issue
12         material to its case.

13 *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations

14 and internal quotation marks omitted).  In contrast, when the nonmoving party bears the burden

15 of proving the claim or defense, the moving party can meet its burden in two ways: (1) by

16 presenting evidence to negate an essential element of the nonmoving party's case; or (2) by

17 demonstrating that the nonmoving party failed to make a showing sufficient to establish an

18 element essential to that party's case on which that party will bear the burden of proof at trial. *See*

19 *Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary

20 judgment must be denied and the court need not consider the nonmoving party's evidence. *See*

21 *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

22         If the moving party meets its initial burden, the burden then shifts to the opposing party to

23 establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

24 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party

25 need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

1   claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

2   versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

3   626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment

4   by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d

5   1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and

6   allegations of the pleadings and set forth specific facts by producing competent evidence that

7   shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

8          At the summary judgment stage, a court's function is not to weigh the evidence and

9   determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477

10  U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are

11  to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely

12  colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

13  **III.     ANALYSIS**

14         Defendants argue that no employee who was similarly situated to Plaintiff in relevant

15  respects was treated more favorably than she was.  Less favorable treatment is one way in which

16  a plaintiff may show discrimination. *See, e.g.*, *Cornwell v. Elecrta C. Credit Union*, 439 F.3d

17  1018, 1028 (9th Cir. 2006).  A showing of less favorable treatment creates a rebuttable

18  presumption of discrimination. *Id.*  The presumption, but not the claim itself, is defeated if a

19  defendant can show a legitimate, nondiscriminatory reason for the adverse employment action.

20  *Id.*  But a plaintiff need not show that he is entitled to a presumption of discrimination in order to

21  establish a prima facie discrimination claim.  A plaintiff may also show discrimination through

22  direct evidence that he was subject to an adverse employment action because of a discriminatory

23  motive, regardless of whether others were more favorably treated.  If comparative maltreatment

24  were the only way to show a Title VII violation, an employee who was maltreated due to his or

25

1    her race, gender, or religion would never have a Title VII claim in cases where the employee is in

2    all material respects in a unique position within an organization, and it is clearly not the case that

3    the *McDonnell Douglas* Court intended to bar such plaintiffs from bringing Title VII claims. *See*

4    *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 n.13 (1973) ("The facts necessarily will

5    vary in Title VII cases, and the specification above of the prima facie proof required from

6    respondent is not necessarily applicable in every respect to differing factual situations.").

7    Moreover, the "similarly-situated" language has been superimposed onto the *McDonnell Douglas*

8    rule due to the factual situation that typically accompanies such claims; the case itself does not

9    include this requirement. *See id.* at 802.  The language of "similarly situated" appears nowhere in

10   the case. *See generally id.*  The Supreme Court has reiterated that the *McDonnell Douglas* fact

11   pattern is not

12
          the only means of establishing a prima facie case of individual discrimination. . . .
          The importance of *McDonnell Douglas* lies, not in its specification of the discrete
13        elements of proof there required, but in its recognition of the general principle that
          any Title VII plaintiff must carry the initial burden of offering evidence adequate to
14        create an inference that an employment decision was based on a discriminatory
          criterion illegal under the Act.
15   *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 (1977) (citing *McDonnell Douglas*

16   *Corp.*, 411 U.S. at 802 n.13).

17        Here, Plaintiff has made no allegation of and, more importantly here, provided neither

18   direct nor circumstantial evidence of, discriminatory treatment.  Defendants note in the motion,

19   which is supported by declarations and deposition testimony, that Plaintiff's duties were given to

20   other women after she was terminated, and that no probationary employees in a similar position,

21   male or female, were treated better than her.  Plaintiff has adduced no evidence to create a

22   genuine issue of material fact as to discrimination based on sex.  The only allegations touching

23   on the issue are that Plaintiff's supervisor was a male and that he (speculatively) would not have

24   treated a male similarly. (*See* Am. Compl. ¶ 41 ("The Division Commissioner was a male.  He

25

1   interfered to whatever extent he could with the performance of Plaintiff's job . . . . The

2   Commissioner did not wish to ruin a male applicant's career by hiring that person for a short

3   interval and then firing him to achieve cost savings.  The Commissioner had no qualms about

4   doing this to a female.")).  But Plaintiff provides no allegation or evidence that any male

5   employee was in fact hired in a probationary status, as she was, and then retained despite poor

6   performance and/or budget restraints, so as to avoid ruining the male employee's career.  Plaintiff

7   simply speculates were she male, the Commissioner would have retained her.

8        The Court need not delve into the details of Plaintiff's job performance, because she

9   provides no evidence of discriminatory treatment, even assuming she performed her job

10   perfectly.  The Court will decline supplemental jurisdiction over the common law contract and

11   tort claims. *See* 28 U.S.C. § 1367(c)(1)–(3).

12                                **CONCLUSION**

13        IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 50) is

14   GRANTED.

15        IT IS FURTHER ORDERED that the Clerk shall enter judgment on the Title VII claim

16   for sex discrimination and close the case.  The Court declines supplemental jurisdiction over the

17   state law claims.

18        IT IS SO ORDERED.

19   Dated this 23rd day of July, 2014.

20

21                                     _____

22                               ROBERT C. JONES

                                 United States District Judge

23

24

25